Marty B. Ready, Esq. (SBN 239135)
Sean M. Monks, Esq. (SBN 326301)
Nathan Bear, Esq. (SBN 247042)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
E-mail: Sean.monks@wilsonelser.com
Marty.ready@wilsonelser.com
Nathan.bear@wilsonelser.com

Attorneys for Defendants AHIMSA COMPANIES LLC, a Colorado limited liability company; and PLANT FOODS CO. PBC, a Delaware benefit corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OVERHILL FARMS, INC., a Nevada corporation<br><br>Plaintiff,<br><br>v.<br><br>WICKED FOODS, INC., a.k.a. WICKED KITCHEN, INC., a Minnesota corporation; AHIMSA COMPANIES LLC, a Colorado limited liability company; PLANT FOODS CO. PBC, a Delaware benefit corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-5178<br><br>**DEFENDANTS AHIMSA COMPANIES LLC'S AND PLANT FOODS CO. PBC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Location: Courtroom 540<br>United States Courthouse<br>255 E. Temple Street<br>Los Angeles, CA 90012<br><br>Complaint Filed: June 6, 2025 |

Defendants Ahimsa Companies ("Ahimsa") and Plant Foods Co. PBC ("Plant Foods") (together, "Answering Defendants") hereby answer the Complaint (the "Complaint") of Plaintiff Overhill Farms, Inc. ("Plaintiff") by denying all allegations set forth therein that are not specifically admitted herein, and otherwise respond as follows:

## I. INTRODUCTION

1. Answering Defendants deny the allegations set forth in paragraph 1 of the Complaint.

2. Answering Defendants deny the allegations set forth in paragraph 2 of the Complaint.

## II. PARTIES

3. Answering Paragraph 3 of the Complaint, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein and as such, Answering Defendants deny such allegations.

4. Answering Paragraph 4 of the Complaint, Answering Defendants admit that Wicked Foods, Inc. a.k.a. Wicked Kitchen ("Wicked") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Answering Defendants also admit on information and belief that Wicked contracted with Overhill for the manufacture and supply of its frozen food products. As to the remainder of Paragraph 4, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and Answering Defendants deny such allegations.

5. Answering Paragraph 5 of the Complaint, Answering Defendants admit that Ahimsa is a Colorado Limited Liability Company with its principal place of business in Niwot, Colorado. Except as otherwise expressly admitted, Answering Defendants deny the remaining allegations in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Answering Defendants admit that Plant Foods is a Delaware Public Benefit Corporation. Answering Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegation and Answering Defendants deny such allegations.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

8. Answering Paragraph 8 of the Complaint, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and Answering Defendants deny such allegations.

## III. JURISDICTION AND VENUE

9. Answering Paragraph 9 of the Complaint, Answering Defendants admit that this Court has jurisdiction under California Code of Civil Procedure § 410.10 as to Answering Defendants. The remaining allegations of Paragraph 9 state legal conclusions to which no response is required or of which Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

10. Answering Paragraph 10 of the Complaint, Answering Defendants deny that venue is proper in Los Angeles County under California Code of Civil Procedure §§ 395(a) or 395.5 as to Answering Defendants. The remaining allegations of Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

## IV. FACTUAL ALLEGATIONS

### A. The Manufacturing and Supply Agreement

11. Answering Paragraph 11 of the Complaint, the allegations state legal conclusions to which no response is required or of which Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. To the extent a response is required, Answering

Defendants deny the allegations set forth in this paragraph of the Complaint.

12. Answering Paragraph 12 of the Complaint, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

13. Answering Paragraph 13 of the Complaint, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and Answering Defendants deny such allegations.

14. Answering Paragraph 14 of the Complaint, the allegations state legal conclusions to which no response is required or of which Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

15. Answering Paragraph 15 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and Answering Defendants deny such allegations.

16. Answering Paragraph 16 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Additionally, the referenced Agreement is a document in writing that speaks for itself. Answering Defendants deny such allegations on these bases.

17. Answering Paragraph 17 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Additionally, the referenced Agreement is a document in writing that speaks for itself. Answering Defendants deny such allegations on these bases.

18. Answering Paragraph 18 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Additionally, the referenced Agreement is a document in writing that speaks for itself. Answering Defendants deny such allegations.

19. Answering Paragraph 19 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Additionally, the referenced Agreement is a document in writing that speaks for itself. Answering Defendants deny such allegations on these bases.

20. Answering Paragraph 20 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Answering Defendants deny such allegations on this basis.

21. Answering Paragraph 21 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and Answering Defendants deny such allegations on this basis.

**B. Overhill Undertook Exhaustive Efforts to Secure Payment Under the Agreement – and Defendants Stonewalled**

22. Answering Paragraph 22 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Answering Defendants deny such allegations.

23. Answering Paragraph 23 of the Complaint, Answering Defendants deny that Overhill repeatedly asked Ahimsa representatives to discuss the alleged changes to the alleged contract between Plaintiff and Ahimsa. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and Answering Defendants deny such allegations.

24. Answering Paragraph 24 of the Complaint, Answering Defendants deny that Ahimsa allegedly ignored Plaintiff's alleged inquiries or made false promises to Plaintiff. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations.

25. Answering Paragraph 25 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

26. Answering Paragraph 26 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

27. Answering Paragraph 27 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

28. Answering Paragraph 28 of the Complaint, Answering Defendants admit the allegations in this paragraph.

29. Answering Paragraph 29 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

30. Answering Paragraph 30 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

31. Answering Paragraph 31 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph that Plaintiff retained counsel to investigate and pursue Plaintiff's claims or that it made a formal mediation demand to Wicked. Additionally, the referenced Agreement is a document in writing that speaks for itself. Answering Defendants deny such allegations on these bases.

32. Answering Paragraph 32 of the Complaint, the referenced document is a document in writing that speaks for itself. Answering Defendants deny such allegations on this basis. Answering Defendants also deny that Wicked was acquired by Ahimsa as Ahimsa acquired only Wicked's assets but not its liabilities.

33. Answering Paragraph 33 of the Complaint, the referenced document is a document in writing that speaks for itself. Answering Defendants also lack knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of this paragraph. As such, Answering Defendants deny such allegations on these bases.

**C. Wicked's Transfer of Assets to Plant Foods and/or Ahimsa**

34. Answering Paragraph 34 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

35. Answering Paragraph 35 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

36. Answering Paragraph 36 of the Complaint, Answering Defendants deny the allegations set forth in this paragraph.

37. Answering Paragraph 37 of the Complaint, Answering Defendants deny the allegations set forth in this paragraph.

38. Paragraph 38 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

39. Answering Paragraph 39 of the Complaint, Answering Defendants deny the allegations set forth in this paragraph.

40. Answering Paragraph 40 of the Complaint, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Answering Defendants deny such allegations on this basis.

41. Answering Paragraph 41 of the Complaint, Answering Defendants deny the allegations in this paragraph.

42. Answering Paragraph 42 of the Complaint, Answering Defendants deny the allegations in this paragraph.

/ / /

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

43. Answering Paragraph 43 of the Complaint, Answering Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Answering Paragraph 44 of the Complaint, Answering Defendants admit that Overhill and Wicked entered in an Agreement, a document in writing whose contents speak for themselves. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations that the Agreement is valid and binding in all respects and supported by sufficient consideration. To the extent a response is required, Answering Defendants deny such allegations.

45. Answering Paragraph 45 of the Complaint, the Agreement is a document in writing whose contents speak for themselves. Answering Defendants deny such allegations on this basis.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

47. Paragraph 47 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

48. Paragraph 48 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 47. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

49. Paragraph 49 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Additionally, Answering Defendants deny that are not liable to Plaintiff for any amount.

50. Paragraph 50 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Additionally, Answering Defendants deny that are not liable to Plaintiff for any amount.

51. Paragraph 51 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Answering Defendants also deny that they are Wicked's alter egos or successors or that they are liable to Plaintiff for Wicked's alleged breaches.

**SECOND CAUSE OF ACTION – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

52. Answering Paragraph 52 of the Complaint, Answering Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Paragraph 53 of the Complaint states legal conclusions to which no response is required. Additionally, the referenced Agreement is a document in writing that speaks for itself. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

54. Answering Paragraph 54 of the Complaint, the referenced Agreement is a document in writing that speaks for itself. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

55. Paragraph 55 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

56. Paragraph 56 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

57. Paragraph 57 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

58. Paragraph 58 of the Complaint states legal conclusions to which no response is required. Additionally, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58. To the extent a response is required, Answering Defendant denies the allegations set forth in this paragraph of the Complaint. Further, Answering Defendants deny that they are liable to Plaintiff for any amount.

59. Paragraph 59 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendant denies the allegations set forth in this paragraph of the Complaint.

60. Paragraph 60 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

/ / /

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

62. Paragraph 62 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Additionally, Answering Defendants deny that they are Wicked's alter egos or successors or that they are liable for Wicked's alleged breach of the Agreement.

## THIRD CAUSE OF ACTION – SUCCESSOR LIABILITY FOR BREACH OF CONTRACT

63. Answering Paragraph 63 of the Complaint, Answering Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Paragraph 64 of the Complaint states legal conclusions to which no response is required. Additionally, the Agreement is a document in writing that speaks for itself. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

65. Answering Paragraph 65 of the Complaint, the Agreement is a document in writing that speaks for itself. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

66. Paragraph 66 of the Complaint states legal conclusions to which no response is required. Additionally, the Purchase Orders are documents in writing that speak for themselves. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

67. Paragraph 67 of the Complaint states legal conclusions to which no response is required. Additionally, the Agreement is a document in writing that speaks for itself. Further, Answering Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 67. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

68. Paragraph 68 of the Complaint states legal conclusions to which no response is required. Additionally, the Agreement is a document in writing that speaks for itself. Further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

69. Paragraph 69 of the Complaint states legal conclusions to which no response is required. Additionally, the Agreement is a document in writing that speaks for itself. Further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Answering Defendants also deny that they are liable for Wicked's alleged debts.

70. Paragraph 70 of the Complaint states legal conclusions to which no response is required. Further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

71. Paragraph 71 of the Complaint states legal conclusions to which no response is required. Further, the Agreement is a document in writing that speaks for itself. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Additionally, Answering Defendants deny that they are liable for Wicked's alleged obligations to Plaintiff under any circumstances as (a) they did not expressly or impliedly agree to assume Wicked's liabilities, (b) the transaction at issue did not amount to a consolidation of

merger of Wicked and Answering Defendants, (c) Answering Defendants are not operating as a mere continuation of Wicked's business, or (d) the alleged transfer of Wicked's assets to Answering Defendants was not for the fraudulent purpose of escaping liability for Wicked's debts.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint. Answering Defendants also deny that they are Wicked's alter egos or successors or that they are liable for Wicked's obligations under the Agreement, which is a document in writing that speaks for itself.

**FOURTH CAUSE OF ACTION – FRAUDULENT TRANSFER DISMISSED BY THE COURT**

**FIFTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS DISMISSED BY THE COURT**

**SIXTH CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION DISMISSED BY THE COURT**

**SEVENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION DISMISSED BY THE COURT**

**EIGHTH CAUSE OF ACTION – CONVERSION DISMISSED BY THE COURT**

**NINTH CAUSE OF ACTION – CIVIL CONSPIRACY TO COMMIT FRAUD AND CONVERSION DISMISSED BY THE COURT**

**TENTH CAUSE OF ACTION – UNJUST ENRICHMENT**

126. Answering Paragraph 126 of the Complaint, Answering Defendants deny that they received any benefit from Plaintiff or that Plaintiff conferred any benefit to them, including but not limited to the items referenced in this Paragraph. Additionally, Paragraph 126 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

127. Answering Paragraph 127 of the Complaint, Answering Defendants deny that they received any benefit from Plaintiff or that Plaintiff conferred any benefit to them. Additionally, the Purchase Orders are documents in writing that speak for themselves. Further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

128. Answering Paragraph 128 of the Complaint, Answering Defendants deny that they received any benefit from Plaintiff or that Plaintiff conferred any benefit to them. Further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128. To the extent a response is required, Answering Defendants deny the allegations set forth in this paragraph of the Complaint.

**ELEVENTH CAUSE OF ACTION – DECLARATORY RELIEF DISMISSED BY THE COURT**

## AFFIRMATIVE DEFENSES

Answering Defendants hereby assert the following separate and distinct affirmative defenses to the Complaint and to each and every cause of action contained therein:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each and every purported cause of action and or relief set forth therein, fails to state facts sufficient to constitute a cause of action against Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

The Complaint, and each cause of action alleged therein, is barred in whole or in part because the acts and omissions allegedly taken by Answering Defendants were justified or privileged.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault/Negligence)**

Any damages alleged sustained by the Plaintiff were the result of unrelated, pre-existing, or subsequent conditions unrelated to Answering Defendants' conduct. If the Plaintiff sustained any damages as alleged in the Complaint, that damage was proximately caused and contributed to by persons, entities, and/or parties other than Answering Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(Independent Intervening Cause)**

/ / /

Some or all of the Plaintiff's alleged damages, if any, were proximately caused by the independent and intervening conduct, actions, or omissions of the Plaintiff or persons, corporations, unincorporated associations, government bodies, or other entities, whether or not named as parties to this action

**FIFTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff would be unjustly enriched if allowed to recover on its Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped from obtaining any and all of the relief sought against Answering Defendants by virtue of its acts, conduct, representations and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Any purported duty or obligation alleged in the Complaint which Answering Defendants may have owed to Plaintiff has been waived.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute Of Limitations)**

Each cause of action in the Complaint is barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff is barred by laches from recovery under the Complaint by reason of its unreasonable delay in notifying Answering Defendants of the claims alleged, and by reason of its unreasonable delay in seeking the recovery requested herein.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate)**

Answering Defendants are informed and believe and thereon allege that the Plaintiff's alleged damages, if any, are the result, in whole or in part, of Plaintiff's failure to exercise reasonable care to reduce or mitigate its alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

Answering Defendants are informed and believe and thereon allege that the Plaintiff's alleged damages are offset by the Plaintiff's own actions.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Performance Excused)**

Answering Defendants' obligations to perform under the Agreement, if, if any, are excused.

**THIRTEEN AFFIRMATIVE DEFENSE**

**(Absence Of Contract)**

Answering Defendants were not a party to the Agreement and had no duties or obligations thereunder.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Economic Loss Rule)**

Tort damages are not available for purely economic losses; thus any damages outside of the alleged breach of contract are unavailable to the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants pray as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Answering Defendants recover the costs of suit incurred, including reasonable attorneys' fees as provided by law; and

4. That the Court grant to Answering Defendants such other and further relief as the Court deems just and proper.

/ / /

**JURY DEMAND**

Answering Defendants demand trial to a jury on all issues so triable.

Dated: January 21, 2026

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

**By:** ***/s/*** Marty B. Ready, Esq.
***/s/*** Sean M. Monks, Esq.
***/s/*** Nathan Bear, Esq.

Attorneys for Defendants Ahimsa Companies LLC and Plant Foods Co. PBC